ORIGINAL

# United States Court of Federal Claims

No. 18-0310C
Filed: March 20, 2018

**FILED**

MAR 2 0 2018

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| SUAMINKA CONERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro Se*; Lack of Subject Matter |
| v. | ) | Jurisdiction; *In Forma Pauperis* |
| | ) | Application |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER**

*SMITH*, **Senior Judge**

On February 27, 2018, plaintiff, proceeding *pro se*, filed a complaint in this Court and concurrently filed an *in forma pauperis* application seeking leave to proceed without paying the Court filing fee.  Plaintiff alleges that her civil rights were violated and is seeking $900 trillion in damages.

## I.    Plaintiff's Complaint

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides this Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages."  *United States v. Testan*, 424 U.S. 392, 398 (1976).  Rather, in order to fall within the scope of the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages."  *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists. . . ."  *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  If the Court lacks jurisdiction, it cannot proceed with the action and must dismiss the case.  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Pleadings from *pro se* plaintiffs are held to more lenient standards than

pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United States*, 113 Fed. Cl. 204, 208 (2013), aff'd, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Upon *sua sponte* review, this Court finds plaintiff's allegations do not give rise to any cause of action over which this Court has subject-matter jurisdiction. Ms. Conerly's Complaint states only that "the city violated her civil rights by allegedly false arrest for disregarding the probability of plaintiff suffering emotional and mental distress." Plaintiff's claim is against a locality, over which this Court has no jurisdiction. The U.S. Court of Federal Claims lacks "jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014). Thus, the Court has no authority to decide plaintiff's case, and must dismiss the Complaint pursuant to RCFC 12(h)(3).

## II.     Plaintiff's Motion to Proceed *In Forma Pauperis*

As noted above, Ms. Conerly filed an application to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, federal courts are permitted to waive filing fees under certain circumstances. *See* 28 U.S.C. § 1915(a)(1); *see also Waltner v. United States*, 93 Fed. Cl. 139, 141 (2010). The statute requires that an applicant be "unable to pay such fees" and applicants must submit an affidavit that (1) lists all of their assets, (2) declares that they are unable to pay the fees or give the security, and (3) states the nature of the action and their belief that they are entitled to redress. 28 U.S.C. § 1915(a)(1). To be "'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Moore v. United States*, 93 Fed. Cl. 411, 414-15 (2010). Determination of a plaintiff's ability to pay is "left to the discretion of the presiding judge, based on the information submitted by the plaintiff." *Alston-Bullock v. United States*, 122 Fed. Cl. 38, 45 (2015).

Plaintiff has not exerted any effort to substantiate the need to proceed *in forma pauperis*. Ms. Conerly responded to every question with "N/A" or "NO." Indeed, plaintiff wrote "N/A" in the space provided for her printed name. While it is true that courts liberally grant *in forma pauperis* motions, the Court will not lend credence to the apparent belief that motions to proceed *in forma pauperis* are thoughtlessly rubberstamped.

Moreover, this suit is plaintiff's thirteenth federal suit in the last five years.[1] Although it is possible that the fees could prove to be a hardship for Ms. Conerly, plaintiff's repeated filings

---

[1]     The 12 other cases are as follows: *Conerly v. Social Security Administration*, No. 1:2013-cv-02542 (N.D. Ga. 2014) (dismissed for failure to obey a court order); *Conerly v. United States*

of frivolous complaints and failure to adequately complete the *in forma pauperis* application lead the Court to find that the plaintiff is not entitled to a waiver of the filing fee.

### III.    Conclusion

For the reasons set forth in this opinion, plaintiff's Complaint is, *sua sponte*, **DISMISSED** pursuant to RCFC 12(h)(3) for lack of jurisdiction, and plaintiff's *in forma pauperis* application is **DENIED**. The Clerk is hereby directed to enter judgment consistent with this opinion.

**IT IS SO ORDERED.**

Loren A. Smith, Senior Judge

---

*Social Security Administration*, No. 1:2014-cv-01836 (N.D. Ga. 2014) (transferred for improper venue); *Conerly v. United States Social Security Administration*, No. 2:2014-cv-00104 (S. D. Miss. 2016) (dismissed for failure to respond to an order to show cause related to plaintiff's change in address); *Conerly v. United States Social Security Administration*, No. 2:2013-cv-00015 (S.D. Miss. 2014) (dismissed for failure to respond to an order to show cause); *Conerly v. Levine*, No. 2:15-cv-00072 (S.D. Miss. 2015) (dismissed for failure to comply with a court order, and failure to prosecute); *Conerly v. City of Hattiesburg*, No. 1:15-cv-23097-CMA (S.D. Fla. 2015) (dismissed under Fed. R. Civ. P. 8(a), and denying the motion to proceed *in forma pauperis* on the basis of a deficient application); *Conerly v. Collins State Veterans Home*, 1:16-cv-00971-EAW (W.D.N.Y. 2016) (dismissed under Fed. R. Civ. P. 8(a) and for improper venue), *appeal dismissed*, 0:2017-cv-01123 (2nd Cir. 2017) (appellant failed to file a motion to proceed *in forma pauperis*, and failed to submit the filing fee); *Conerly v. Georgia State University*, 2:16-cv-14583-SM-JVM (E.D. La. 2016) (dismissed for failure to comply with a court order regarding filing deficiencies); *Conerly v. City of Hattiesburg*, No. 1:17-cv-00796-LY (W.D. Tex. 2017) (dismissed for failure to comply with a court order, and failure to substantiate the application to proceed *in forma pauperis*); *Conerly v. The Int'l Janitorial Cleaning Serv. Assoc.*, 1:17-cv-04278-SCJ (N.D. Ga. 2017) (dismissed for failure to obey a court order concerning a change of address); *Conerly v. City of Hattiesburg*, No. 1:18-cv-00046 (M.D. Ala. 2018) (dismissed as frivolous); *Conerly v. Berryhill*, No. 1:18-cv-01411 (N.D. Ill. 2018).